1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ORVAL FLANNERY,                              No.  2:22-cv-01518 DB P

12                    Plaintiff,

13          v.                                     ORDER

14   HOLSTEIN, et al.,

15                    Defendants.

16

17          Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff

18   claims defendants violated his Fourth, Eighth, and Fourteenth Amendment rights when plaintiff

19   was subject to an involuntary cavity search.  Presently before the court is plaintiff's complaint for

20   screening (ECF No. 1) and plaintiff's motion to proceed in forma pauperis (ECF No. 2).

21          For the reasons set forth below, plaintiff's motion to proceed in forma pauperis will be

22   granted.  Plaintiff will be given the option to proceed on his cognizable claims or be given leave

23   to file an amended complaint.

24                              **IN FORMA PAUPERIS**

25          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

26   1915(a).  (ECF No. 2.)  Accordingly, plaintiff's request to proceed in forma pauperis will be

27   granted.

28   ////

1 | Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§
2 | 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in
3 | accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct
4 | the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and
5 | forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments
6 | of twenty percent of the preceding month's income credited to plaintiff's inmate trust account.
7 | These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
8 | the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
9 | 1915(b)(2).

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

////

2

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.      Linkage Requirement**

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights.  See Jones v.

3

1  Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between

2  the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

3  Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor

4  v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

5  Government officials may not be held liable for the actions of their subordinates under a

6  theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in

7  Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious

8  liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has

9  violated the Constitution through his own individual actions by linking each named defendant

10  with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

11  Id. at 676.

12  **III.    Allegations in the Complaint**

13  Plaintiff indicates that, at all relevant times, he was an inmate at the Amador County Jail.

14  (ECF No. 1 at 2.)  Plaintiff names Correctional Sergeant Holstein, Jackson Police Department

15  ("JPD") Lieutenant Daniel Barb, JPD Investigator Robert Harmon, and Amador Sutter Hospital

16  ("SAH") Nurse Jane Doe as defendants in this action.  (Id. at 5.)

17  The complaint contains the following allegations: while a pretrial detainee at Amador

18  County Jail, plaintiff was transferred to SAH with two other inmates as it was believed the three

19  inmates had overdosed on fentanyl.  (Id. at 2.)  After plaintiff was "medically cleared," defendant

20  Holstein asked plaintiff to submit to a digital cavity search.  (Id.)  Plaintiff refused but stated he

21  would submit to alterative search options.  (Id.)  Defendant Holstein spoke with defendants Barb

22  and Harmon in the hallway.  (Id.)  When Holstein returned, he changed the position of the

23  handcuffs on plaintiff and the two other inmates so that they were all laying on their sides.  (Id.)

24  Defendant Doe later entered and performed digital cavity searches on all of the inmates.  (Id.)

25  Plaintiff was "the last inmate searched and…tried to protest both verbally and by shifting [his]

26  body…." (Id. at 3.)  Plaintiff feared contracting Hepatitis C as one of the other inmates had it and

27  defendant Doe "used the same glover for the other 2 inmates and did not change it when she came

28  to [plaintiff.]"  (Id.)  Defendant Doe eventually succeeded in performing the cavity search "and

4

spent a significantly longer period of time during my search as with the other inmates." (Id.)
Plaintiff noted defendant Barb and Harmon "standing by the open door and openly laughing."
(Id.)  As a result of this search, his rectum bled due to a tear in his bowel.  (Id.)

Plaintiff claims that there was no warrant for the digital cavity search and that it was done against his will.  (Id. at 4.)  He asserts that he did not knowingly take fentanyl but that he drank from a cup of water and later woke up in an ambulance.  (Id.)  Plaintiff states that he faced no disciplinary action.  (Id.)

In the complaint, plaintiff argues that defendants Holstein, Barb, Harmon, and Doe violated his rights by "either ordering or failing to intervene in the digital cavity search without a warrant and against [plaintiff's] will."  (Id.)  Plaintiff states that he seeks one million dollars ($1,000,000) in damages but does not include any other details regarding the monetary relief sought.  (Id. at 8.)

**IV.     Does Plaintiff State a Claim under § 1983?**

Plaintiff states that he seeks to bring claims for violation of his Fourth, Eighth, and Fourteenth Amendment rights.  (Id.)  He does not elaborate on the nature of these claims further or identify which defendants plaintiff believes violated each of these rights.  Out of an abundance of caution, the court will attempt to determine the nature of plaintiff's claims in connection with each right and screen all defendants in connection with that claim.

**A.  Fourth Amendment**

**1.  Legal Standards**

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. Amend IV.  Lawful incarceration necessarily entails limitations upon many of the rights enjoyed by ordinary citizens.  Hudson v. Palmer, 468 U.S. 517, 524 (1984); Pell v. Procunier, 417 U.S. 817, 822 (1974).  However, in the Ninth Circuit, a digital bodily cavity only complies with the Fourth Amendment if: (1) prison officials have reasonable cause to search the inmate, (2) the search serves a valid penological need, and (3) the search is conducted in a reasonable manner. Wiley v. Serrano, 37 Fed. Appx. 252, 253 (9th Cir. 2002).  Determining the reasonableness of a search requires that the court "consider a variety of factors including hygiene, medical training,

1  emotional and physical trauma, and the availability of alternative methods for conducting the

2  search." United States v. Fowlkes, 804 F.3d 954, 963 (2015). "[T]he process for removing

3  suspected contraband from a detainee's body, if it is to comport with the reasonableness standard

4  of the fourth amendment, must be conducted with regard for the subject's privacy and be designed

5  to minimize emotional and physical trauma." Id. at 964.  (citation omitted) (quoting United States

6  v. Cameron, 538 F.2d 254, 258 (1976).

7              **2.  Analysis**

8         For the purposes of screening, plaintiff has alleged sufficient facts to state a Fourth

9  Amendment claim for an unreasonable search.  It is possible defendants had reasonable cause and

10  a valid penological interest in conducting a cavity search but plaintiff has alleged sufficient facts

11  to establish on screening that defendants may have failed to conduct the search in a reasonable

12  manner.  Taking the allegations in the complaint as true, the digital cavity search was conducted

13  on plaintiff with gloves used on two other inmates, in the presence of those inmates, while

14  officers watched from the open doorway and laughed at plaintiff.  These facts, if true, support that

15  the search was not conducted in a reasonable manner and violated plaintiff's Fourth Amendment

16  rights.

17         As it appears from the alleged facts that all defendants were involved with the purported

18  unreasonable search, plaintiff has alleged sufficient facts on screening to state a cognizable

19  Fourth Amendment claim against defendants Holstein, Barb, Harmon, and Doe.

20              **B.  Eighth Amendment**

21         The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

22  Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual

23  punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);

24  Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

25  Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

26  and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

27  by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

28  ////

                                6

1    The deliberate indifference standard involves an objective and subjective prong.  First, the

2    alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer v. Brennan,

3    511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison

4    official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."

5    Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment

6    for denying humane conditions of confinement only if he knows that inmates face a substantial

7    risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-

8    45.

9                               **1.  Legal Standards for Medical Needs Claims**

10    If a prisoner's Eighth Amendment claim arises in the context of medical care, including

11    mental health care, the prisoner must allege and prove "acts or omissions sufficiently harmful to

12    evidence deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth

13    Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and

14    the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059

15    (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th

16    Cir. 1997) (en banc).

17    A medical need is serious "if the failure to treat the prisoner's condition could result in

18    further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974

19    F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include

20    "the presence of a medical condition that significantly affects an individual's daily activities."  Id.

21    at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

22    objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S.

23    825, 834 (1994).

24    If a prisoner establishes the existence of a serious medical need, he must show that prison

25    officials responded to the serious medical need with deliberate indifference.  See Id. at 834.  In

26    general, deliberate indifference may be shown when prison officials deny, delay, or intentionally

27    interfere with medical treatment, or may be shown by the way in which prison officials provide

28    medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

1    Before it can be said that a prisoner's civil rights have been abridged with regard to

2  medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

3  'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

4  Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also

5  Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in

6  diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

7  Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of

8  mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for

9  the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

10    Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S.

11  at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a

12  plaintiff must show that the delay was harmful.  See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th

13  Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059;

14  Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198,

15  200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

16  1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would

17  provide additional support for the inmate's claim that the defendant was deliberately indifferent to

18  his needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

19    Finally, mere differences of opinion between a prisoner and prison medical staff or

20  between medical professionals as to the proper course of treatment for a medical condition do not

21  give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,

22  332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662

23  F.2d 1337, 1344 (9th Cir. 1981).

24    **2.  Analysis of Medical Needs Claim**

25    It is not clear the exact nature of the Eighth Amendment claim plaintiff seeks to bring.

26  From the facts alleged in the complaint, it appears likely plaintiff intended to bring an Eighth

27  Amendment claim for deliberate indifference to plaintiff's medical need.  However, while it is

28  possible that plaintiff could state an Eighth Amendment claim, the factual allegations in the

8

complaint are currently insufficient to support such a claim.  To state a medical need claim, plaintiff must satisfy the subjective knowledge requirement by showing that defendants were aware of and disregarded plaintiff's serious medical need.  <u>Farmer</u>, 511 U.S. at 837-45.  The complaint does not contain sufficient factual allegations to show that defendants were aware of plaintiff had a serious medical need.

Accordingly, plaintiff has failed to allege sufficient facts to state an Eighth Amendment medical needs claim against defendants.  Plaintiff will be given the option to proceed on his cognizable claims or be given leave to file an amended complaint in which he can seek to state an Eighth Amendment claim.

### C.  Fourteenth Amendment

#### 1.  Legal Standards

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake.  <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221 (2005) (quotation marks omitted).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which protection is sought.

A state may "create liberty interests which are protected by the Due Process Clause." <u>Sandin</u>, 515 U.S. at 483-84.  A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  <u>Keenan v. Hall</u>, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting <u>Sandin</u>, 515 U.S. at 484).  A plaintiff must assert a dramatic departure from the standard conditions of confinement before due process concerns are implicated.  <u>Sandin</u>, 515 U.S. at 485-86; <u>Keenan</u>, 83 F.3d at 1088-89.

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  <u>City of Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439 (1985); <u>Hartmann v. Calif. Dept. of Corrs. and Rehab.</u>, 707 F.3d 1114, 1123 (9th Cir. 2013); <u>Furnace v. Sullivan</u>, 705 F.3d 1021, 1030 (9th Cir. 2013); <u>Shakur v. Schriro</u>, 514 F.3d 878, 891 (9th Cir. 2008). State prison inmates retain a right to equal protection of the laws guaranteed by the Fourteenth Amendment.

1  Walker v. Gomez, 370 F.3d 969, 974 (9th Cir. 2004) (citing Lee v. Washington, 390 U.S. 333,

2  334 (1968)).  An equal protection claim may be established by showing that defendants

3  intentionally discriminated against plaintiff based on his membership in a protected class,

4  Hartmann, 707 F.3d at 1123, or that similarly situated individuals were intentionally treated

5  differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept.

6  of Agriculture, 553 U.S. 591, 601-02 (2008).

7              **2.  Analysis**

8              As with plaintiff's other claims, plaintiff does not provide any details about the type of

9  Fourteenth Amendment claim plaintiff intended to include in the complaint.  However, it does not

10  appear that the complaint contains factual allegations sufficient to support a due process or an

11  equal protection claim.  Plaintiff has not alleged facts that establish that he had a protected liberty

12  interest.  As such, plaintiff has not alleged sufficient facts to state a Fourteenth Amendment due

13  process claim.  Keenan, 83 F.3d at 1088.  Similarly, the complaint fails to state an equal

14  protection claim as the factual allegations do not establish that plaintiff was either discriminated

15  against based on membership in a protected class or that he was treated differently without a

16  rational relationship to a legitimate state purpose.  Hartmann, 707 F.3d at 1123; Engquist, 553

17  U.S. at 601-02.  As plaintiff may be able to state a Fourteenth Amendment claim, plaintiff will be

18  given the option to proceed on his cognizable claims or be given leave to file an amended

19  complaint.

20              **AMENDING THE COMPLAINT**

21              As set forth above, plaintiff has alleged sufficient facts to state a cognizable Fourth

22  Amendment claim against defendants.  Plaintiff has failed to allege sufficient facts to state any

23  other claim.  Plaintiff will be given the option to proceed on his cognizable Fourth Amendment

24  claim or be given leave to file an amended complaint.

25              If plaintiff chooses to file an amended complaint, any amended complaint must be

26  complete in itself.  The court cannot refer to a prior complaint to understand the plaintiff's claims.

27              In an amended complaint plaintiff must clearly identify each defendant and the action that

28  defendant took that violated plaintiff's constitutional rights.  The court is not required to review

exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

1   By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

2   evidentiary support for his allegations, and for violation of this rule, the court may impose

3   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

4                                              **DOE DEFENDANTS**

5          Under § 1983, plaintiff must demonstrate that each named defendant personally

6   participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

7   This requires the presentation of factual allegations sufficient to state a plausible claim for relief.

8   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th

9   Cir. 2009).  The statute clearly requires that there be an actual connection or link between the

10  actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See

11  Monell, 436 U.S. 692.  In order to state a cognizable claim, plaintiff must set forth specific factual

12  allegations demonstrating how each defendant violated his rights.  See Leer v. Murphy, 844 F.2d

13  628, 634 (9th Cir. 1988).

14         The use of John Does in pleading practice is generally disfavored – but it is not prohibited.

15  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d

16  1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008).

17  Eventually plaintiff may be afforded an opportunity for limited, preliminary discovery to identify

18  the names of the John Does "unless it is clear that discovery would not uncover their identities,"

19  Gillespie, 629 F.2d at 642, and only after the court is satisfied he has exhausted every other

20  possibility of finding their names.  Since by this order plaintiff will be granted the option to file

21  an amended complaint, he must use the time given to amend to do everything he can to supply the

22  names of the Doe defendants without further assistance from the court.  He may seek extensions

23  of time for the filing of an amended complaint for that purpose if necessary.

24         Further, "John Doe" defendant liability must also be properly alleged.  A plaintiff may use

25  "Doe" designations to refer to defendants whose names are unknown; however, he must number

26  them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers

27  to a specific person.  If plaintiff chooses to file an amended complaint, he shall either name the

28  defendants involved or list the Doe defendants involved and describe what each did to violate his

rights.  If plaintiff can only list these defendants as John Doe, plaintiff should allege specific acts that each Doe defendant did, such as "John Doe 1 did X" and John Doe 2 did Y."  Alexander v. Tilton, No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009)

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Amador County filed concurrently herewith.

3.  The complaint (ECF No. 1) states a cognizable Fourth Amendment claim against defendants Holstein, Daniel Barb, Robert Harmon, and Nurse Jane Doe.

4.  The complaint fails to state any other cognizable claims or defendants.

5.  Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.

6.  Within thirty (30) days of the date of this order plaintiff shall notify the court of how he wishes to proceed.  Plaintiff may use the form included with this order for this purpose.

7.  Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  March 30, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/flan1518.scrn_not

13

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                      FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    ORVAL FLANNERY,                          No.  2:22-cv-01518 DB P

10                    Plaintiff,

11          v.                                PLAINTIFF'S NOTICE ON HOW TO
                                              PROCEED
12   HOLSTEIN, et al.,

13                    Defendants.

14

15   Check one:

16

17   _____   Plaintiff wants to proceed immediately on his Fourth Amendment claims against

18           defendants Holstein, Daniel Barb, Robert Harmon, and Nurse Jane Doe.  Plaintiff

19           understands that by going forward without amending the complaint he is voluntarily

20           dismissing all other claims and defendants.

21

22   _____   Plaintiff wants to amend the complaint.

23

24   DATED:_____          _____

25                                          Orval Flannery
                                            Plaintiff pro se
26

27

28
                                      14