UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORVAL D. FLANNERY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOLSTEIN, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-01518 DC SCR P<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a former county inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983, which was referred to the undersigned in accordance with Local Rule 302(c)(1) and 28 U.S.C. § 636. Defendants Holstein, Harmon, and Barb have filed a motion for sanctions and to compel discovery responses. (ECF No. 26.) For the reasons set out below, the court recommends defendants' motion be granted in part and denied in part as follows: (1) defendants' request for monetary sanctions should be denied; (2) defendants' request for terminating sanctions should be granted and the action be dismissed without prejudice; and (3) defendants' request to compel plaintiff's discovery responses should be denied as moot.

I.     **Background and Procedural History**

Plaintiff filed this action on August 29, 2022, alleging defendants conducted an unlawful digital cavity search while he was a pretrial detainee at Amador County Jail. (ECF No. 1.) The court's discovery and scheduling order dated September 13, 2024, set a discovery cut-off date of

1

1  January 14, 2025, and a dispositive motion deadline of April 14, 2025.  (ECF No. 24.)  On
2  November 8, 2024, defendants served plaintiff with interrogatories, requests for production of
3  documents, and requests for admission.  (Declaration of William J. Bittner ("Bittner Decl."),
4  Exhs. A-I, ECF No. 26-2.)  Defendants served additional requests for admission and
5  interrogatories on November 14, 2024.  (Id., Exhs. J and K.)  Defendants served all requests on
6  plaintiff by mail at his listed address at the Amador County Jail.  (See id., Exhs. A-K.)

7  On January 14, 2025, defendants filed a motion for sanctions and to compel discovery
8  responses.  (ECF No. 26.)  As of the date of their motion, defendants had not received any
9  response from plaintiff to their discovery requests, nor had plaintiff contacted defendants
10 regarding discovery.  (Bittner Decl. ¶¶ 12, 16, 18, ECF No. 26-1 at 3.)  Defendants' motion
11 sought $200.00 in monetary sanctions and terminating sanctions pursuant to Federal Rule of Civil
12 Procedure 37(d).  (ECF No. 26-1 at 1-2.)  In the alternative, defendants moved for an order to
13 compel plaintiff to respond to their discovery requests and to deem the matters in the request for
14 admission admitted.  (Id.)  On February 21, 2025, after plaintiff failed to file a timely response,
15 defendants filed a notice of non-opposition and requested that the court deem plaintiff's failure a
16 waiver of any opposition to the granting of the motion.  (ECF No. 27.)

17 On February 24, 2025, the Amador County Sheriff's Office filed a letter with the court
18 stating that plaintiff was released from custody on February 10, 2025. (ECF No. 28.)  On
19 February 28, 2025, the undersigned issued an order instructing plaintiff to provide: (1) a response
20 to defendants' motion for sanctions and motion to compel discovery responses; (2) a response
21 explaining why plaintiff was unable to file a timely response; and (3) a notice of plaintiff's
22 current address.  (ECF No. 29.)  The undersigned advised plaintiff that a failure to notify the court
23 and defendants of his current address may result in dismissal of the action without prejudice
24 under Local Rule 183.  (Id.)  A review of the court's docket indicates that its order dated February
25 28, 2025, was returned as undeliverable, that plaintiff has not filed an address update, and that
26 plaintiff has not responded to the instant motion.
27 ////
28 ////

2

## II.     Legal Standard

Federal Rule of Civil Procedure 37(d) authorizes the court to impose sanctions when a party fails to serve answers, objections, or written responses to properly served requests for inspection of documents.  Fed. R. Civ. P. 37(d)(1)(A).  Rule 37(b) authorizes the imposition of sanctions for a party's failure to "obey an order to provide or permit discovery[.]"  Fed. R. Civ. P. 37(b)(2)(A). Under either subpart of Rule 37, the sanctions may include dismissal of the action. Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37(b)(2)(A)(v).  However, "[o]nly 'willfulness, bad faith, and fault' justify terminating sanctions."  Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007).

> [The Ninth Circuit has] constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

Id. (citation and quotations omitted).[1]

## III.     Discussion

Defendants' motion and supporting documents establish that plaintiff did not respond their discovery requests or otherwise engage in discovery.  Because plaintiff has repeatedly failed to comply with his discovery obligations under the Federal Rules of Civil Procedure, this court's Local Rules, and this court's prior orders, the undersigned addresses whether terminating sanctions are appropriate.

---

[1] There are other sources of authority for sanctions in this context.  "District courts have the inherent power to control their dockets.  In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1961)).  However, a court may not rely on inherent authority to impose discovery sanctions not authorized by Rule 37.  See Gregory v. Montana, 118 F.4th 1069, 1080 (9th Cir. 2024).  A court may also dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b); Local Rule 110;  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (citing United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979)) (dismissal for noncompliance with local rule); Malone v. United States Postal Serv., 833 F.2d 128, 133 (9th Cir. 1987) (dismissal for failure to comply with court order).

The first two factors are typically considered together "because they relate to docket-management issues that the district court 'is in the best position' to assess." Transamerica Life Ins. Co. v. Arutyunyan, 93 F.4th 1136, 1147 (9th Cir. 2024). The court finds that the public's interest in expeditious resolution of litigation and the court's need to manage its dockets weigh in favor of dismissal. Nearly five months have passed since defendants served their discovery requests and plaintiff has shown no indication that he intends for fulfill his discovery obligations. The court also warned plaintiff that a failure to respond to defendants' motion for sanctions or to show good cause for his untimely response will be deemed a waiver of opposition. On this record, it is clear that plaintiff has no intent to engage in discovery and that granting him further opportunities would be futile. See Pagtalunan v. Galaza, 291 F.3d 639, 641 (9th Cir. 2002) ("Given [plaintiff's] failure to pursue the case for almost four months, this factor weighs in favor of dismissal.").

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642. The risk of prejudice is considered in relation to plaintiff's reason for defaulting. Malone, 833 F.2d at 131. Here, plaintiff has not provided any explanation for his failure to comply with his discovery obligations. Defendants cannot move forward with filing a dispositive motion or preparing for trial without plaintiff's completed discovery responses. Therefore, the undersigned finds that allowing this case to proceed would prejudice defendants. See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990) ("Failure to produce documents as ordered…is considered sufficient prejudice.").

The fourth factor weighs against dismissal, since "public policy strongly favors disposition of actions on the merits." Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999). However, the court finds that this factor is greatly outweighed by the other factors favoring dismissal of the action. When "standing alone," the public policy favoring disposition of actions on the merits "is not sufficient to outweigh the other four factors." Leon v. IDX Sys. Corp., 464 F.3d 951, 961 (9th Cir. 2006).

       Finally, the court finds that there are no other, lesser sanctions that would bring about plaintiff's performance of his discovery obligations. The court tried an order to show cause after plaintiff failed to respond to defendants' motion, but to no avail. Further, monetary sanctions are ineffective when, as here, plaintiff is proceeding in forma pauperis. Sanchez v. Rodriguez, 298 F.R.D. 460, 466 (C.D. Cal. 2014). Evidentiary sanctions such as the exclusion of evidence and testimony on subjects included in the discovery request or an order deeming matters in the request for admission admitted would likely result in a judgment in defendants' favor, and thus have the same practical effect as terminating sanctions. For all these reasons, terminating sanctions are justified in this case.

       Even if the factors didn't favor dismissal, plaintiff's failure to comply with the court's order to update his address provides independent grounds to dismiss the action. Under Local Rule 183(b), "[a] party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address." If mail is returned as undeliverable and the party "fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." (Id.) After the Amador County Jail provided notice that plaintiff was released, the undersigned ordered to plaintiff to update his address by March 26, 2025, and warned that his failure to do so may result in dismissal of the action for failure to prosecute. Although the court's order was returned as undeliverable (see Docket), service of documents at the prior address of the pro se party is considered fully effective. Local Rule 182(f).

**CONCLUSION**

       Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion for sanctions and to compel discovery responses (ECF No. 26) be granted in part and denied in part. Specifically, the undersigned recommends that:

       1.     Defendants' request for monetary sanctions be denied;

       2.     Defendants' motion for terminating sanctions be granted and the action be dismissed without prejudice; and

////

3.  Defendants' motion to compel plaintiff to respond to their discovery requests be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 4, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE